## STATE AUTOMOBILE MUTUAL INSURANCE COMPANY v. ROPP.

1. Trial—Motion for Directed Verdict—Evidence.

Evidence must be viewed in the light most favorable to the party opposing a motion for directed verdict.

2. Insurance—Uninsured Motorist Clause—Motion for Directed Verdict—Evidence.

Claim by insurance company that testimony of cross-plaintiff, seeking to recover damages under uninsured motorist clause of automobile insurance policy, was unbelievable, because of prior contradictory statements, that the trial court committed reversible error in failing to grant a directed verdict for insurer at the close of cross-plaintiff's proofs *held*, without merit, where the evidence established that cross-plaintiff sustained severe injury in the accident, including a concussion and loss of memory, cross-plaintiff testified that the prior contradictory statements were made before he regained his memory as to how the accident occurred, and there was medical testimony supporting such loss and subsequent restoration of memory, since, in viewing a motion for directed verdict, the evidence must be viewed in the light most favorable to the opposing party.

---

References for Points in Headnotes

[1] 53 Am Jur, Trial § 349.
[2, 3, 7] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*
[4] 58 Am Jur, Witnesses § 861 *et seq.*
[5] 31 Am Jur 2d, Expert and Opinion Evidence § 28.
[6] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

3. SAME—EVIDENCE—AMNESIA—RESTORATION OF MEMORY—QUESTION FOR TRIER OF FACTS.

Claim by insurance company that the trial court committed reversible error in accepting, as true, the trial testimony of cross-plaintiff as to how the accident in question occurred because cross-plaintiff had given numerous prior statements to the contrary *held*, without merit, where cross-plaintiff testified that he lost his memory as a result of the accident, that the prior statements were given when he had no definite recollection thereof, that his recollection had, in the interim, been restored, and the loss and subsequent restoration of such memory was supported by the testimony of a physician, with cross-defendant presenting no testimony in opposition thereto, since such evidence clearly presented a question of fact for determination by the trier of fact.

4. WITNESSES—CREDIBILITY—BURDEN OF PROOF.

The burden is on the party who challenges the credibility of a witness to supply the necessary proofs to do so.

5. SAME—MEDICAL COMPETENCE OF DOCTOR—BRAIN INJURY—BURDEN OF PROOF.

Party desiring to test the medical competence of a doctor who is not a brain specialist and testifies that he had experience with brain concussions has the burden to produce the necessary proofs.

6. APPEAL AND ERROR—CREDIBILITY OF WITNESSES—FINDINGS OF FACT.

Findings of fact, made by the court sitting as the trier of facts, may not, under applicable court rule, be set aside unless clearly erroneous, with regard to be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it (GCR 1963, 517.1).

7. INSURANCE—UNINSURED MOTORIST CLAUSE—EVIDENCE—RESTORATION OF MEMORY.

Judgment for insured in action against insurer under provisions of uninsured motorist clause of automobile policy issued to insured *held*, proper, where insurer's only claim of error is that the trial court erroneously accepted, as true, testimony of the insured given at trial as to the happening of the accident giving rise to his claim, which testimony explained prior inconsistent statements on the basis that he lost his memory in the accident, that said prior statements were given when he had no recollection thereof, but that his memory had subsequently returned, and such loss and subsequent restoration

of memory was supported by testimony of a physician, since findings of fact made by the trial court as trier of the facts may not be set aside unless clearly erroneous, and there was sufficient testimony to support the findings of the trial court (GCR 1963, 517.1).

Appeal from Midland; Campbell (Robert H.), J. Submitted Division 3 May 8, 1967, at Grand Rapids. (Docket No. 2,468.)    Decided October 16, 1967.

Complaint by State Automobile Mutual Insurance Company, an Ohio corporation, against Claire J. Ropp for a declaratory judgment.    Counterclaim by defendant seeking damages pursuant to uninsured motorist's provision of insurance policy issued by plaintiff.    Judgment for defendant.    Plaintiff appeals.    Affirmed.

*Sheldon & Sheldon,* for plaintiff.

*Wilson & Stone,* for defendant.

BURNS, J.    Plaintiff filed a complaint for a declaratory judgment.    Defendant filed a counterclaim and the case was tried by the court without a jury as though the action had been commenced by the defendant.

The defendant was insured by the plaintiff. The insurance provided for so-called "uninsured motorist coverage" which substantially said that plaintiff would pay to defendant sums which he would be legally entitled to recover from the owner or operator of a hit-and-run automobile which makes *physical* contact with the insured's automobile.

The defendant testified that he was following 2 cars proceeding west on Saginaw road just west of Sanford, Midland county, Michigan.    As the cars slowed down for the lead vehicle to make a right

turn onto Sturgeon road, the defendant sounded his horn and started to pass. The car immediately in front of the defendant veered to the left and bumped defendant's automobile which went out of control and crashed. As a result defendant suffered a concussion, facial lacerations, and other serious injuries.

It is undisputed that on previous occasions defendant had made an affidavit and other statements which contradicted the above account of how the accident occurred. At trial defendant acknowledged said asseverations and explained the conflict on the basis that prior to the date of the trial he could not remember the circumstances surrounding the accident but that his memory gradually returned and he recalled and related the true facts under direct examination.

The only eyewitness to the accident was Ronald J. Johnson who was 14 years of age at the time of the accident. His testimony corroborated the defendant's trial version of the accident except that he did not see any collision or impact between the 2 cars.

At the close of proofs the court denied plaintiff's motion for directed verdict of no cause of action, and later, by a written opinion, it rendered a judgment for defendant. Plaintiff appeals on 3 grounds:

1. The court erred by not directing a verdict at the close of cross-plaintiff's proofs;

2. The court erred by accepting defendant's testimony without expert testimony that defendant's memory could be restored; and

3. The verdict was against the preponderance of the evidence and contrary to law.

Citations are not necessary for the proposition that on motions for a directed verdict the evidence must be viewed in a light most favorable to the party opposing the motion. The testimony of the defend-

ant was received without objection and was clearly sufficient to defeat the motion for directed verdict.

In discussing plaintiff's second claim of error we note that plaintiff is not arguing that it is necessary to have expert testimony to substantiate defendant's alleged loss of memory*, but plaintiff is arguing that such testimony is necessary to demonstrate a restoration of memory. Defendant's physician, while not a brain specialist, did testify that he had experience with brain concussions and that:

"It is not uncommon at all for a person to have what is known as a retrograde amnesia. In short, they have a loss of memory, which may run from anywhere to a few minutes preceding to as long as several hours preceding the injury and will probably last, surprisingly enough, for a short time after the injury. In other words, many of these individuals will tell you that they remember leaving the house, and the next thing they knew they wound up in the emergency room. So this is not uncommon."

And in response to the question:

"Now, is it uncommon for the memory—keeping in mind that Mr. Ropp testified that he drove by this scene every day—is it uncommon for this memory to come back gradually over a period of a year to a year and a half?"

defendant's physician answered as follows:

"If it is going to come back at all, I think it is going to be gradual, and many of these people never get a complete recollection of it."

In our opinion the doctor's testimony regarding the possibility of a gradual restoration of memory adequately supported defendant's position. If plain-

---

* See *Knickerbocker* v. *Samson* (1961), 364 Mich 439, 448.

tiff wished to further challenge the defendant's credibility in this manner or test the doctor's medical competence it was its burden to produce the necessary proofs.

The entire emphasis of plaintiff's brief and oral argument for all 3 claims of error is that the trial judge should not have believed the defendant. The trial judge in his written opinion found:

"The court finds as a matter of fact that the cross-plaintiff, Mr. Ropp, was proceeding west on US–10 and was following two cars; that the first car (the car farthest west) was slowing down to make a right-hand turn onto Sturgeon road and that cross-plaintiff commenced to pass the two cars ahead of him that he sounded his horn and as he was passing, the car (the middle car) directly ahead of cross-plaintiff, the middle car, veered to the left and grazed the right side of cross-plaintiff's automobile; that the middle car (hit-and-run-car) continued on down the road without stopping and cross-plaintiff hit several guardrails along the south side of the road and finally hit a bridge abutment. The court bases this finding of fact upon the testimony of the police officer who stated that the initial tracks from the pavement to the south shoulder were a sudden and abrupt turn to the south. Although plaintiff's witness, Ronald J. Johnson, now 16 years of age, then 14 years of age, testified to seeing the three cars proceeding westerly on old US–10 and he verified plaintiff's version of the accident except as to the actual collision, the court is of the opinion that due to the almost insignificant sideswiping of the automobiles and the distance that the witness was from the accident, it would be improbable that he would have seen the actual contact of the automobiles. As to the affidavit filed by the cross-plaintiff with the cross-defendant, the affidavit speaks for itself as being made on information and belief and

being filed within the 30-day limitation set forth in the policy. The court is of the opinion that Mr. Ropp's physical and mental condition at the time of the accident and for some time thereafter made it impossible for him to describe in detail the exact step by step facts of how the accident occurred. The doctor's testimony confirms this finding of fact.

"The court, therefore, finds that cross-plaintiff's vehicle was struck by a hit-and-run automobile and that it was the negligence of the hit-and-run automobile in striking cross-plaintiff's automobile which was lawfully passing that was the proximate cause of cross-plaintiff's injuries and damages."

GCR 1963, 517.1 states in part:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

Upon an entire review of the record, this Court is of the opinion that the facts found by the trial judge are not clearly erroneous and are not against the preponderance of the evidence.

Judgment affirmed. Costs to appellee.

FITZGERALD, P. J., and HOLBROOK, J., concurred.